IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| AMIR R. ALLEN, <br><br> Plaintiff, <br><br> vs. <br><br> SCI ROCKVIEW, MRS. BOBBI JO SALAMON, SUPERINTENDENT; PENNSYLVANIA DEPT OF CORRECTIONS, PENNSYLVANIA PRISON SOCIETY, <br><br> Defendants. | Civil Action No. 2:25-cv-00734-CBB <br><br> Christopher B. Brown <br> United States Magistrate Judge |

## MEMORANDUM OPINION

**Christopher B. Brown, United States Magistrate Judge**

Plaintiff, Amir R. Allen, is a state prisoner currently incarcerated at SCI-Rockview. ECF No. 1.  *See also* DOC Inmate locator https://inmatelocator.cor.pa.gov.  Plaintiff has submitted a prisoner civil rights complaint which has been lodged at ECF No. 1.  The Complaint was not accompanied by either the required filing fee or a motion for leave to proceed in forma pauperis.  Pursuant to 28 U.S.C. § 1915A, the Court has screened the Complaint prior to docketing or service.

The gist of the allegations of the Complaint concern Plaintiff's conditions of confinement while incarcerated at SCI-Rockview.  He is attempting to state a claim under 42 U.S.C. § 1983 for "physical harm, harassment, assault, physical torture."[1]

---

[1] The determination of whether this case is subject to preservice dismissal for failure to state a claim is left to the transferee Court.

1

He states "[w]hile at SCI Rockview I have been literally tortured and abused consistently for approx. 31 months – this pattern of abuse has been cloaked under the guise of therapy or perhaps a security issue." ECF No. 1, ¶ II(D). Specifically, he claims,

> I've been placed in a hot cell or "stress box" for more than two years under supervision and certain torture. I have been gassed and harmed with gas in an attempt to achieve a neutral hijacking. In cells in my grievances (mostly cell 1041 C/3 Rockview). I have been inundated with gas causing severe pain, stress, stiffness, and discrimination.

*Id.,* Statement of Claim, ¶ IV (quoted verbatim).

The issue of proper venue may be raised sua sponte by a court. *See Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996); *Garcia v. Pugh*, 948 F. Supp. 20, 23 n.5 (E.D. Pa. 1996). The venue statute applicable to Plaintiff's constitutional claims is 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court finds that venue is improper in this Court.

First, the Complaint reflects Defendant Salamon is the Superintendent at SCI-Rockview, Defendant Department of Corrections is located in Mechanisburg, PA; and Defendant Pennsylvania Prison Society is located in Philadelphia, PA. None of these defendants are located or reside in the Western District of Pennsylvania ("Western District"). Venue is also improper under the second requirement since a "substantial part" of the events giving rise to Plaintiff's claims occurred at SCI-Rockview, which is located within the territorial boundaries of the United States District Court for the Middle District of Pennsylvania. In fact, none of the complained conduct giving rise to Plaintiff's claims occurred in the Western District. Venue is also inappropriate under the third requirement because the Defendants cannot be found in the Western District. In sum, this district is an improper venue under § 1391(b) for the claims brought in this lawsuit.

Because this Court lacks personal jurisdiction over the Defendants, the question remains whether the Court should dismiss this action pursuant to 28 U.S.C. § 1406(a) or exercise its discretion to transfer to an appropriate District Court pursuant to 28 U.S.C. § 1631. *See Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 544 (3d Cir. 1985) (stating that a district court lacking personal jurisdiction can transfer a case to a district in which the case could have originally been brought); *see also Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("[A] district court that lacks personal jurisdiction must at least consider a transfer.").

3

Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).  On the other hand, Section 1631 provides, in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . and the action . . . shall proceed as if it has been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631.  The Court has broad discretion to transfer the matter to an appropriate forum.  *See Danziger & De Llano*, 948 F.3d at 132 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)).

"In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation."  14D Wright & Miller § 3827 at 540 (4th Ed. 2013); *see also Holiday v. Bally's Park Place, Inc.,* No. 06-4588, 2007 WL 2600877, at *2 (E.D. Pa. Sept. 10, 2007) ("Generally, transfer to the proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs.").  This case is no different.  Transfer in this case will save the time and expense associated with initiating a new lawsuit.  *See Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may sua sponte transfer under § 1406(a)).

4

The Court has determined the interests of justice are better served if this case is transferred to the Middle District of Pennsylvania. An appropriate Order transferring this case follows.[2]

DATED this 5th day of June, 2025.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge


cc:   AMIR R. ALLEN
      GX4384
      SCI ROCKVIEW
      Box A
      1 Rockview Place
      Bellefonte, PA 16823
      (via U.S. First Class Mail)

---

[2]   An Order to transfer venue "involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)." *Beemac, Inc. v. Glass Am.*, LLC, No. 23-1329, 2024 WL 4367027, at *1 n.1 (W.D. Pa. Oct. 1, 2024) (citing *Berg v. Aetna Freight Lines*, No. 07-1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008) (collecting cases)). "This is true 'because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction.'" *Id.* (citing *Berg*, at *1) (internal citation omitted). Therefore, the decision to transfer rests within the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion." *Id.* (citing *Franklin v. GMAC*, No. 13-0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013)).