IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIR R. ALLEN, | No. 4:25-CV-01156 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SCI ROCKVIEW, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 28, 2025

Plaintiff Amir R. Allen filed the instant *pro se* civil rights lawsuit in August 2025, asserting claims under 42 U.S.C. § 1983[1] regarding his conditions of confinement at the State Correctional Institution, Rockview (SCI Rockview). Allen is proceeding *in forma pauperis*.[2] Because Allen's claims are frivolous, the Court must dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   BACKGROUND

In his Section 1983 complaint, Allen alleges that while incarcerated at SCI Rockview, he has been "literally tortured and abused" for "approximately 31 months."[3] According to Allen, "for more than 2 years" he has been "gassed and

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2] *See* Docs. 16, 18.
[3] Doc. 1 at 4.

harmed with gas in an attempt to achieve a neural hijacking."[4] He further alleges that his "stomach and shoulder" were "pumped w[ith] medical gas and burning chemicals."[5] He claims that he has been "inundated" with "gas," causing him severe pain, stress, stiffness, and disorientation, and that this "gassing" has been "cloaked as some type of treatment" or therapy.[6] He does not elaborate as to what type of "gas" he has been exposed to, or who purportedly dispersed this gas into his cell and body. He further states that prison officials have "denied that they are gassing [him] or 'treating' or 'testing' [him] in any way."[7]

Allen attached copies of multiple documents from his administrative grievance proceedings to his complaint.[8] In an Initial Review Response dated November 18, 2024, the Facility Safety Manager at SCI Rockview characterized Allen's latest grievance on the matter as "frivolous" and responded as follows:

> In your grievance, you stated that you believe your cell is being inundated with "medical gas" and "airborne particulates[.]" You claim that these affect your breathing, blood flow, and vision/balance. You claim these are diabetic symptoms although you do not consume sweets.
> As stated in my response to your prior grievance, there are no medical treatments being administered to your cell nor would there be any medical treatment or therapy administered to an entire building. There is no equipment at SCI Rockview, including any of the cell blocks[,] that could produce "medical gas" or turn "glucose, calcium" into an aerosol for medical or any other purpose.

---

[4] *Id.*
[5] *See* Doc. 1-1 at 14, 15.
[6] Doc. 1 at 4, 5.
[7] *Id.* at 4.
[8] *See generally* Doc. 1-1.

> Without going further into the process, all medical treatments are authorized following an evaluation by a medical professional. These are never administered clinically without the knowledge of the patient. If you suspect you have diabetes, as a diabetic, I urge you to visit Medical and have labs performed. I am denying this grievance in full.[9]

In an earlier grievance response, the Facility Safety Manager likewise explained to Allen that there were no "particulates, "toxins," "chemicals," "medical gas," or any other "airborne substances" being pumped into any building or area of SCI Rockview.[10]

From Allen's complaint and attached grievance documents, it thus appears that the gravamen of his lawsuit is that SCI Rockview officials were dispersing an unknown gas into his cell and directly into his body "to achieve a neural hijacking," causing him to suffer physical and mental harm.[11] He sues three state government Defendants: SCI Rockview, the Pennsylvania Department of Corrections, and SCI Rockview Superintendent Bobbi Jo Salamon in her official capacity.[12] He seeks injunctive relief, requesting that the "deadly pattern of abuse"

---

[9]   *Id.* at 8.
[10]  *Id.* at 14.
[11]  *See id.* at 9, 15-16, 18, 24, 26; Doc. 1 at 4-5.
[12]  Doc. 1 at 1, 2-3. Allen also sues the Pennsylvania Prison Society, (*see id.* at 3), but he does not plausibly allege unconstitutional conduct by the Prison Society or any of its members, nor does he plead how this private organization was acting under color of state law. Only state actors can be subject to Section 1983 liability. *See* 42 U.S.C. § 1983; *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Dismissal of the Pennsylvania Prison Society, therefore, is also appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

be stopped so that he can "worship God, play [his] keyboard, pray, read, [and] rest in relative peace[.]"[13]

On October 14, 2025, the Court received notification from Allen that he had been transferred to the State Correctional Institution, Greene (SCI Greene), located in Waynesburg, Pennsylvania.[14] Upon review of Allen's complaint, the Court finds that it must be dismissed as frivolous.

## II.   DISCUSSION

Under both 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1), a cause of action must be dismissed by the court if it is "frivolous." The term "frivolous" includes actions that depend on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario."[15] A "fantastic" or "delusional" factual scenario is one where "the facts alleged rise to the level of the irrational or the wholly incredible[.]"[16] District courts, who review innumerable *in forma pauperis* lawsuits that are often filed by prisoners against government officials, "are in the best position to determine which cases fall into

---

[13]   *Id.* at 5.
[14]   *See* Doc. 20.
[15]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).
[16]   *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[the frivolous] category,"[17] and dismissal on this basis is within the district court's discretion and reviewed for abuse thereof.[18]

Upon careful review of Allen's complaint and attachments, the Court concludes that this case must be dismissed as frivolous. Allen's claim that SCI Rockview officials have been pumping some type of unknown gas into his cell and body for over 31 months to "achieve a neural hijacking" is the quintessential type of "fantastic" or "delusional" allegation that district courts simply cannot waste judicial resources entertaining. The claim is both "irrational" and "wholly incredible," not merely "unlikely."[19] Furthermore, leave to amend will be denied, as no amendment to Allen's frivolous claim could cure its fantastic or delusional nature, and therefore granting leave to amend would be futile.[20]

---

[17] *Id.*

[18] *Id. But see Dooley*, 957 F.3d at 373-74 (stating that court of appeals exercises "plenary review" over a district court's *sua sponte* dismissal "under 28 U.S.C. §§ 1915A, 1915(e)(2), and 42 U.S.C. § 1997e(c)," including a dismissal as frivolous (citing *Mitchell*, 318 F.3d at 530)). To the extent that *Dooley* and *Mitchell* conclude that a dismissal for frivolousness under the federal *in forma pauperis* statute—28 U.S.C. § 1915(e)(2)(B)(i), formerly § 1915(d)—is reviewed *de novo* rather than for abuse of discretion, this Court finds that the Supreme Court of the United States' holding in *Denton v. Hernandez* controls and provides the appropriate standard of review, *i.e.*, abuse of discretion. *See Denton*, 504 U.S. at 33 ("Because the frivolousness determination is a discretionary one, we further hold that a § 1915(d) [now § 1915(e)(2)(B)(i)] dismissal is properly reviewed for an abuse of that discretion, and that it was error for the Court of Appeals to review the dismissal of [plaintiff's] claims *de novo*."); *Ackerman v. Mercy Behavior Health*, 621 F. App'x 711, 713 (3d Cir. 2015) (nonprecedential) ("[W]e review the District Court's order dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion." (citing *Denton*, 504 U.S. at 33)); *El-Bey v. United States*, 619 F. App'x 53, 54 (3d Cir. 2015) (nonprecedential) (same).

[19] *Id.*

[20] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).
5

Additionally, the Court observes that Allen is primarily suing state-government entities and seeking only prospective injunctive relief. However, Allen has been transferred from SCI Rockview to SCI Greene, and transfer from the facility complained of to a different prison generally moots any claims for equitable relief.[21] Nevertheless, the Court does not rely on the potential mootness of Allen's request for injunctive relief as the basis for dismissal. Rather, this case must be dismissed because it is frivolous as that term is defined by the federal *in forma pauperis* statute and binding Supreme Court precedent.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Allen's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Leave to amend will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[21]  See *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); *see also Abdul-Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993).